If it pleases the Court, my name is Nancy Miller. I represent Napoleon Santa Maria in this matter. With me is Andrew Vasquez, who represents Rolando Federiso.  If, unless the Court would wish that we be otherwise, Mr. Vasquez will begin our discussion with a, by addressing the matter of Federiso in the context of Chevron. Good morning, Your Honors. May it please the Court. As we all know, there is the situation with Chevron and the deference that is due to an administrative decision when it is precedent. The situation here is that, since it's our contention, Chevron does not apply in that the statute itself is not unambiguously ambiguous. It is very clear, and especially with regards to the statute, it is not unambiguous. The statute is not unambiguous? It's clear in our standing or our belief, the statute is clear on its face in that a relationship must be established. And that is all that is needed to move on then to the discretion of the judge to give the ruling. I think the statute is clear, and therefore... The Chevron does not come into play. Okay. Go ahead. That's it? No, I'm sorry. I was just waiting for a continuation of the question. I thought I saw something. Anyways, with regards to the statute itself, the statute specifically states that the beneficiary of this waiver must be or is the spouse, parent, son or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence. Once that relationship is established, then the trier of fact or the immigration judge in this situation would go under the discretion of whether or not the person is eligible for this waiver. As happened in Medellín-Federico, the immigration judge found at her discretion that the respondent, the petitioner now in this context, was eligible for that waiver. The situation in his case, and I believe in Santa Maria, is that the United States citizen and her parent passed away prior to the issuance of the decision granting this case. And in the other case, it was the United States citizen had passed away and the immigration judge then permitted the application. So he's no longer the son of his mother. That is not a contention. Because a person is born to a parent, the parent passes away, it does not mean that that person stops being their child. That's what I said. The government's position is he's no longer the son of his mother. Yes. Okay. I'm sorry, Your Honor, I'm having trouble hearing you. Okay. And your position is that if your mother dies, you are still the son of your mother. Correct. Okay. If you're the son of the first President Bush and he dies, you're still the son of the first President Bush. Correct. So President Bush I is the father of President Bush II, even if he dies. And President Bush II would always say, I am the son of the first President Bush. Yes, Your Honor. You don't stop being the son because your father dies. That's your argument about his, right?  Thank you, Your Honor. All right. Assuming all of that is true, the Errico case says that Congress's intent in the statute was to unify families. In both of your cases, the wife and children are in the Philippines. How does this, how does your argument then fit in with the purpose of the statute, which is to unify families? Well, our contention, especially with regards to Errico, is back in 1966, under 241F, the statute was the way it was. But in the interim, the statute has changed. It's been enumerated differently from 241F to 241A1H and now 237A1H without change. However, in a very similar part of the statute, 212H, I'm sorry, 212I, which is another part of the fraud statutes, they specifically changed, Congress specifically changed the statute to include hardship to a United States citizen, parent, son, daughter, whereas in 237A1H, that was not included. And therefore, But Congress changed the statute to give discretion to the Attorney General to decide, once you're eligible, doesn't the Attorney General have the authority to, discretion to grant or deny the waiver? Yes. It's not our contention that the Attorney General doesn't have discretion to grant or deny the waiver. I'm asking whether the purposes of the statute, even if we look to that instead of the language. You know, Judge Nelson's talking about the old days when courts were good and looked to purpose, not language. But if you look to the language of the statute, hasn't it been changed since Errico so that you no longer have to just automatically deny or grant these waivers, but the policy, whatever it is, can be enforced by the Attorney General, which was not true before? And now there is the Attorney General has the right to apply the statute in whatever policy manner he wants. If I may, Your Honor, I think you're absolutely correct. Thank you. And I think the way that the statute has evolved is, in fact, very, is great evidence of the fact that it has, the purpose has been expanded to include humanitarian concerns with regard to the alien. The fact that it is now a two-step process whereby you simply look at the entry level of whether or not there is a qualifying relative, and then you don't go any further with regard to that relationship. You don't look to whether or not they have any connection to each other. They could have been estranged for 40 years, but as long as they are the parent or the spouse or the child, they meet that qualification. You then go on to step two, which is purely discretion. It is purely a balancing test of the positive versus the negative, and that may include issues of hardship, but it also includes how long they've been in the United States. Are they, in fact, employed? Do they support family back home? If the Attorney General agrees with what we thought was the purpose of the Act, and that we shouldn't be granting waivers to people who would disunite families instead of uniting them, the Attorney General then doesn't have to give the waiver. That's correct. He can simply deny the waiver. Well, he has the jurisdiction or the right to decide what the policy is instead of the court. Well, he has the right to decide with regard to jurisdiction, with regard to discretion. That's correct, Your Honor. But with regard to the... Which was not true when we decided those earlier cases... Correct. ...without looking at the language, but simply looking at policy... Yes. ...which I wish courts could do these days. But these days we're supposed to look at the language, which none of the prior decisions did. That is true. But I think that looking at the language, we still see that we look to the language and look to the intent of Congress, which... Well, if the language is clear, that is what is the meaning of is, it's is. Do you ever stop being the son of your mother just because she does? I do not believe you do, Your Honor. Well, I would hope not. I do not believe that you cease being your parent's child upon the death of your parent. I don't believe that you cease having any relationship, such as a parent or child relationship, upon the death of that family member. And I think that Congress has supported that finding with regard in the... Am I correct that when the attorney general or his delegate exercises discretion, either in favor or against a waiver, that's nonreviewable. Is that correct? That's correct, Your Honor. And I take it your argument is, with respect to the government's policy arguments, that the policy arguments are to be considered, and properly so, in deciding whether or not to grant a waiver, but not in determining whether or not they're eligible for a waiver. That's exactly correct, Your Honor. Yes. Yes. They are free to exercise discretion as discretion is empowered within them, but they are not free to determine what the statutory meaning of the words are, what the meaning of is. All we do is decide eligibility by looking at the statute, and the attorney general then decides the policy of who he wants to grant the waiver to. That's exactly correct. Okay. Yes. Do you want to save time for rebuttal? Yes, we do, Your Honor. Good morning, Your Honor. At the outset, it would be very helpful to me if you could tell me what precise language in the statute you rely on to show that the citizen has to still be alive. I looked at it, and I've read it over many times, and I don't see anything that says to be a citizen of the United States should be interpreted to mean to be alive, a living citizen of the United States. That's correct, Your Honor. The statute is silent with respect to whether a qualifying relative needs to be living or not. Well, you say the statute is silent with whether it has to be a living person, but the statute is silent and does not say anything in it, as I read it, that it has to be a living citizen. Is that correct? That's correct. The statute simply says that a waiver is available. But why isn't that the end of it? I mean, we've got to stay. One would think that before Congress would try to block out and say a large group of people can't even apply for a waiver, if that's what it intended, I don't know whether it intended it or not, but if that's what it intended, one would think they would have made such an explicity of a living citizen of the United States alive at that time or something like that. You're correct, Your Honor. The language is not there. It simply says that the waiver is available to a person who is the spouse, parent, son or daughter of the United States. Let's start with son or daughter. Who is the son or daughter? Now, I don't really, I must say, don't understand any answer to Judge Friedman's question, that you are the son. I am the son of my mother. My mother's dead, but she's my mother, and I am her son. Isn't that right? That is correct, but I am. Okay, so I am the son, and this statute says anyone who is the son of a citizen. My mother was a citizen. I am the son. That's correct, but when you look at the INA as a whole, this. I don't look at the INA as a whole. I just want to look at this statute. That's the problem. I mean, that's what we did before, and I don't disagree with what we did before. We looked at policy. We didn't look at the language of the statute, and Judge Friedman said, if you look at the language of the statute, what do we do? Am I the son of my mother? Can I say I am the son of X, even if my mother's dead? Yes, Your Honor, you can say that, but I think that the statute isn't. Is there any ambiguity about it? Is there any question? I think the whole reason we're here is because there's some doubt as to what the meaning of this is. Well, I don't think that's why we're here. I think there's some. I don't want to describe this person who wrote in a BIA decision that there's no difference between being the son of somebody and being divorced, that you're always the husband of somebody, even when you're divorced. They said that's just the same as when your mother dies. Now, that's why we're here. Well, actually, Your Honor, that, I believe, is reference to a case that this Court decided. Yes. They said that for a divorced couple, the rule is different from somebody whose mother died, and the BIA said there's no difference between the two cases. They were simply relying on this Court's precedent from 1981, which was after the statute was amended to make the waiver discretionary rather than mandatory. And in 2002, this Court held in Virk v. INS at 295 F. 3rd at 1058, this waiver provision, I quote, requires only a current familial relationship. So this Court, beginning in 1972 in the Mung decision, in 1981 in the Kalczak decision, and in the 2002 decision in Virk, this Court has consistently held time and time again that this waiver requires a current familial relationship. Well, has this Court ever held that we cannot apply for a waiver if the citizen from whom you claim dissent is dead? This is the first time that this particular issue has been raised squarely before this Court. In all of the other waiver cases that this Court and the Supreme Court has addressed I mean, to come back to the language of this, there's a legal proposition that is not discussed, which appears in virtually every judicial opinion, the quote, In any question of statutory interpretation, the first thing to look at is the language of the statute. The language of the statute has no ambiguity in it. I don't think you can look to the legislative history and say, well, but when you look at the purpose, we're going to read an ambiguity into it, and then we're going to resolve that ambiguity on the basis of the purpose of the statute. Well, until this Court, or rather, until this case today, there has been no ambiguity about what is means in this case. It has consistently been construed to mean a living relative. Let me ask you a somewhat different question. The statute of probation has two subsections. You have to be spouse, parent, son or daughter of a citizen or of an alien lawfully admitted to the United States for permanent residence. With respect to the second requirement of an alien lawfully admitted, does that alien have to be living? It's the same question. The is relates to both the U.S. citizen and the lawfully admitted. It's not quite the same question because if you're the son of a citizen, my father was an American citizen. He's been dead for many years, but I am still the son of a citizen. Whereas we don't think in those terms when you talk about an alien. Yes, that's true. A person's immigration status can change. A lawfully permanent resident can subsequently adjust to become a U.S. citizen where a U.S. citizen, that's a permanent status. And in 1981 in Kalisic, this court held that the critical date in applying the waiver provision is the date of the immigration judge's decision. And in this case, in these cases rather, the alien's mothers had died well before the immigration judge's decision. Actually, that's because the government took so long with its case, but it doesn't really matter on what is is. I know there's trouble with defining the term is, but this one isn't very hard. You know, either you still are the son of your mother when she dies or you're not. And there isn't anyone in this country who wouldn't say after their mother died, I am the son of whatever my mother is. So that's what the word means. I am the son of somebody. And the statute says anyone who is the son or daughter. I think you would say if your mother dies, I am the daughter of whatever her name is. You're not going to change it because she died. You're still her daughter. That's correct, Your Honor. And if I may just go back and address one issue very quickly with respect to Mr. Santa Maria. His mother died two weeks after he arrived in the United States in 1995. He was not placed in proceedings until seven years later, 2002. So there was no delay in adjudicating Mr. Santa Maria's case. His mother had been deceased for many years before he sought to waive the fraudulent grounds of removability. There were delays in Mr. Federico's case. But it doesn't matter really. You're either the son or you're not when your mother dies. So you're the daughter when your mother dies. You either are or aren't. I mean, I've never seen a case of statutory construction, which today's contemporary jurors would say ends the case. You don't look to legislative history. You don't look to policy. You don't look to anything if it's absolutely clear. Why isn't it absolutely clear that you are the daughter of somebody even when your mother dies? She's still your mother, whether she's alive or dead. You're still her daughter. In applying the statute, the board is also, because these cases arise in the Ninth Circuit, was constrained to look at how this court has over time interpreted the statute. And, again, in 1981, this court has held, we believe that the critical date in applying the waiver is the date of the immigration judge's decision. And then later in VIRC in 2002, the waiver requires only ---- It's cited in both briefs? It's cited in both briefs, yes. That's when the waiver was mandatory. Isn't that correct? It does refer to the two court orders. In both of those cases. Let me see if I understand your argument. Basically, I take it it runs something like this. Nobody questions that the son of a deceased mother is still that mother's son, but the statute doesn't speak in terms of mother or father. It speaks in terms of a citizen. And what you're saying is within this context, when you use the word citizen, that refers to existing citizenship, and that means existing citizenship has to be that of a live person. That would be our position, yes. Now, I'm curious about something as to how liberally or broadly this statute is interpreted. Has there been any decision, for example, on whether when it says son of a citizen, does that include an adopted child? It could, Your Honor. The ---- Well, but have there been any determination? Do you know of any? You may not know. I am not aware of any cases. I know that the definitions here at 101B defines parent or defines parent, and the definition of parent refers back to the definition of child. That's 101B1 and 101B2. And there's an exhaustive definition of child, what child can include. And the definition of child can include children who are adopted, can include stepchildren. And in the Hector case, the Supreme Court case in Hector in 1986, they made a special note of pointing out that there is an exhaustive definition of child in the Act, and it includes some relatives and not other relatives. For example, in Mr. Santamaria's case, he's seeking to secure a waiver through his aunt and ---- I take it parent is this also is defined as someone who has adopted a child? Yes, by reference to the definition of child in 101B1. I'd like to point out, however, that there are multiple definitions of parent in the Act, one at 101B2 and one at 101C2. The definition at C2 relates to the naturalization provisions. And there, Congress specifically noted that parent includes, and by reference the definition of child, a deceased individual. And our position there is that Congress knows how to make clear whether it's making a distinction between a living relative and a deceased relative. It did so in distinguishing the definition of parent and child in those two sections. And here, the section at issue in this case, 101B1 and 101B2, the definition of child, they make no reference to that relationship surviving the death of the qualifying relative. And so our position would be that if Congress had wanted this to extend beyond the life of the qualifying relative, they would have done so just as they did in 101C1 and 101C2. And again, that's consistent with the longstanding purpose of this waiver to promote family unity. And again, the families of these two individuals are in the Philippines. The spouse. Scalia. Isn't that for the attorney general to decide? He doesn't have to let them in because the families are in the Philippines? Kagan. That's certainly a matter of discretion, Your Honor. Scalia. Yeah, but that kind of policy argument goes to the – that's why they put in the provision and changed the statute so that not only when the policy of the statute is satisfied, does the attorney general grant the discretion. I mean, it doesn't really do the government any harm because they don't have to take anybody in. All this does is describe eligibility. That's right. It does describe eligibility. We have not addressed, the agency has not addressed the question of whether these individuals would merit an exercise of discretion to waive the clause. Let me say it a little differently. I mean, in this case, if we were to reverse in both of these cases, that would not assure either of the aliens' admission to this country. Because if we would send it back, then the question would be whether the attorney general wished to waive it. And the administrative judge may decide in both cases that since the parent is deceased, there's no real reason now in terms of the policy of the statute to let them in and refuse a waiver. That's correct. There is no guarantee that these – And all they're asking us to do is to say that they should at least be allowed to get up to the plate, not that they – that we should say that you should get on second base. Well, we would submit that they have the opportunity to get to the plate and that they failed to establish that they have a qualifying relative consistent with this Court's precedent. But how did they have the opportunity to get to the plate? I don't understand that when the board said that because your parent is deceased, you're not even eligible to apply for a waiver. Well, if I may, Your Honor – That's like saying they had the opportunity to get to the plate, and the way they had the opportunity is they were sitting in the dugout. That's what it sounds like to me. Well, Your Honor, in the Santa Maria case, there was a threshold question because Mr. Santa Maria's mother had died so long ago whether he would be eligible. And at page 82 in the record, the immigration judge indicated that he would accept a briefing on the issues, allow the parties to submit a pre-hearing statement to make their best case as to whether or not a living relative – or rather the statute encompasses a deceased relative. And the parties did, in the Santa Maria case, present a lengthy brief exploring their position. And in the Federico case, the immigration judge took lengthy testimony as to Mr. Federico's eligibility for the relief. So they did have an opportunity to apply for the relief. They're not making a due process argument. I mean, if it were an opportunity to apply, then the answer would have been, well, you're eligible, but I'm going to deny it as a matter of discretion. Well, the answer could also be, as the agency said in this case, we've reviewed your application and you have not met your burden of proving that you have a qualifying relative. Well, I don't see, even in the board's decision, any analysis of the language. I see a statement that the language supports the view that an existing relationship is required. We find no basis in the statute to treat a son or daughter differently. Now, that was the case with somebody who divorced his wife. There's a difference between divorcing your wife and no longer having an existing relationship. And that's not the same as when your mother dies. You're no longer married to somebody you've divorced. Well, Your Honor, in its decision, in the Federico decision, the board relied on the Supreme Court case in Enrico, which talks about the purpose of the statute being family unity. It talked about this case, this Court's case in Myung, where even though the alien had a U.S. citizen wife and child, this Court held that he was ineligible for the waiver because the family was in Korea. So there was no question that he had the qualifying relative, but the Court, this Court held that by granting a waiver in that case would promote family disunity. Similarly, in 1981 in the Kelsey case. But isn't that now? That's right. That was where we looked in those cases to the policy underlying the act instead of the language of the act. We said the policy was this. Now Congress changed it and gave the attorney general the discretion to make the policy decision. So now the way we view cases these days, it's even said you look to the language of the statute. In all of those cases, they didn't even mention the language of the statute. They looked to the underlying policy and said our policy is to unite people. I wish we had that policy now with our immigration laws, and we could say the policy of our immigration laws is to unite people instead of dividing the families and sending them out of the country, but we can't do that. We look to the statutory language now, and we aren't given the discretion that didn't exist when those cases were decided, but that now is given to the attorney general. But time. Thank you, Your Honor. We would simply ask that you deny the petitions for review in this case consistent with the Supreme Court and this Court's longstanding precedent that the waiver requires a current familial relationship. Thank you. I think we're all agreed that the statute does require a current familial relationship. The question is, does the relationship continue after the death of the parent? And I submit that the relationship does continue. So the current relationship exists despite the fact that the parent has passed on. I think that the statute. You're getting a little theological from me there. I don't know about the relationship with the dead person. You are still the person's child, Your Honor. That's true. That's what I mean. That's all I meant. I don't refer to theology. I refer to the fact that you are still that person's child. Okay. Fine. Anything to add? Only very, very briefly. His Honor referred to how long does a person remain a U.S. citizen after their death. And I think Congress has spoken to that as well, where they have amended the statute to allow children to file posthumous naturalization petitions for their parent who was killed, particularly in a war. And then for the child to be able to naturalize, or rather to adjust their status, based on that posthumously granted naturalization. So I think that the parent does continue to be a U.S. citizen as well. Okay. Thank you very much. Thank you. The case is submitted.
judges: Nelson, D., Reinhardt, Friedman